UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL N. NEWSOM,                )
                                  )
           Petitioner,            )
v.                                )   No. 1:07-cv-1564-DFH-TAB
                                  )
WENDY KNIGHT, Superintendent,     )
                                  )
           Respondent.            )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Michael Newsom ("Newsom") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1. Newsom was charged in a proceeding identified as No. IYC 07-07-0168 with violating the rules for inmates at the Plainfield Correctional Facility through his possession or use of any explosive, ammunition, hazardous chemical or dangerous weapon.

2. The basis of the charge in No. IYC 07-07-0168 was contained in a conduct report which recites that during the late morning of July 19, 2007, Officer Barnes heard a cry of "help" and saw Newsom with a lock inside a sock. Newsom stated, "I'm going to kill some one with this." The reporting officer directed Newsom to hand over the item, which he did.

3. After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on July 24, 2007, Newsom was found guilty of the offense with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good-time.

4. Newsom initiated an administrative appeal. On August 23, 2007, the Facility Head acted on the first level of that appeal by modifying the offense to "tampering with, altering or blocking any locking device or mechanism." Newsom's appeal to the second and final level resulted in the earlier decision being affirmed. This action followed.

### Newsom's Claims

Contending that the proceeding described above is tainted by constitutional error, Newsom seeks a writ of habeas corpus. His specific contentions are that: 1) he was denied witness testimony; 2) he was denied a fair and impartial hearing; 3) he was penalized for protecting himself and another inmate; and 4) he was excessively sanctioned.

### Discussion

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Newsom received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Newsom was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Newsom's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

> !   Inmates facing prison discipline have a limited right to call witnesses and produce documentary evidence. *Wolff,* 418 U.S. at 566-67. Prisoners have the right to call witnesses to testify on their behalf at disciplinary hearings when consistent with institutional safety and correctional goals. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (citations omitted). However, that right is not an unlimited right. *Sweeney v. Parke,* 113 F.3d 716, 719 (7th Cir. 1997). Newsom claims that his requests for physical and documentary evidence were denied. However, the expanded record shows that the evidence Newsom requested was in fact considered. Specifically, he requested Jack Stephenson as a witness and the "lock and sock" as physical evidence. The written statement of Jack Stephenson was obtained, produced, and considered. The statement was

sufficiently clear to make the point that Newsom was in possession of the sock with the lock inside as a means of self-protection. Newsom's statement to the conduct board was to the same effect. As to the "lock and sock," these items were in fact viewed by the conduct board. Newsom's claim that he was denied evidence is simply not supported by the record.

! An inmate facing disciplinary charges has a right to due process that includes an impartial decision-maker. *Wolff,* 418 U.S. at 571; *Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir. 2002). Newsom claims that right was violated here. Adjudicators are entitled to a presumption of honesty and integrity. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003); accord *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). But the constitutional standard for establishing impermissible bias is high. *Piggie,* 342 F.3d at 666. It is not contended that the chairman or any member of the conduct board played a disqualifying role in the incident–that is, they did not write the conduct report, they did not investigate the incident described in the conduct report, they were not witnesses to the events associated with the charge, and they did not perform the screening officer's function to notify Newsom of his procedural rights in connection with the charge. The vague allegation of animus toward Newsom by the chairman of the conduct board does not overcome the presumption of honesty. See *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (rejecting argument that conduct adjustment board biased where board members had witnessed prisoner in possession of property he was later charged with stealing), *overruled in unrelated part by White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001). Newsom is therefore not entitled to a writ of habeas corpus based on this claim.

! Newsom contends that he was penalized for protecting himself and another inmate. This contention fails on two fronts. First, he was sanctioned for violating a prison rule. He does not dispute the conduct described in the conduct report. His rationale for having acted as he did leads to the second fallacy in his position on this point. Second, the premise of this claim is that Newsom had a right to self-defense. That premise has been considered and rejected in the prison environment. See *Rowe v. DeBruyn,* 17 F.3d 1047 (7th Cir. 1994) (in the context of a prison disciplinary matter, self-defense is no defense).

! Newsom contends that he was excessively sanctioned. The severity of the sanctions imposed does not present a cognizable claim under 28 U.S.C. § 2254(a) under the circumstances of this case. See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Newsom to the relief he seeks. Accordingly, Newsom's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   6/30/2008